IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONNA M. POOLE, et al. | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.   8:16-CV-492-PX |
| UNITED STATES OF AMERICA | * | |
| Defendant. | * | |

******

MEMORANDUM OPINION

Pending before the Court is Defendant United States of America's Motion to Dismiss or in the alternative Motion for Summary Judgment, asserting dismissal is warranted because Plaintiff failed to file the instant action within six months as proscribed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). ECF No. 7. The issue has been fully briefed and the court now rules pursuant to Local Rule 105.6, that no hearing is necessary. For the following reasons, the motion to dismiss will be granted.

On February 22, 2016, Plaintiffs filed their Complaint in this court against the United States. ECF No. 1. The Complaint alleges that Defendant United States negligently failed to maintain the drainage system in a lower level file room at the Department of Energy (DOE) Building, causing sewage and waste water to cover the floor and loosen the carpet tiles. As a result, Plaintiff Donna Poole, who worked in the DOE building as private contractor, slipped, fell and injured her left arm, shoulders, neck, back and hands. *Id.* Plaintiff Poole seeks compensatory relief for her injuries, while her husband, Plaintiff Michael Kroner, brings a loss of consortium claim. *Id.* Plaintiffs had first filed these claims administratively, which DOE denied on July 9,

1

2015. ECF No. 7-4.

Defendants now move to dismiss the instant action, or alternatively for summary judgment, on the grounds that Plaintiffs failed to file their claims in this court within the six month period for filing after receiving notice that the DOE had denied their claims administratively. ECF No. 7. Plaintiffs concede that they filed the Complaint more than six months after the denial. ECF No. 8 at 1. Plaintiffs, however, singularly contend that the court should apply Maryland law when calculating the applicable statute of limitations, and thus § 9-902 of the Maryland Code Labor and Employment Article must extend the FTCA limitations period by two months for an injured employee's cause of action against a third party. ECF No. 8 at 2. The Plaintiffs' claims, unfortunately, are without merit.[1]

The FTCA bars a plaintiff's claim unless it is "presented to the appropriate Federal agency within two years after such claim accrues and then brought to federal court within six months after the agency acts on the claim." *Lucas v. United States*, 2016 WL 1446782, No. DKC 14-2032, at *1 (D. Md. Apr. 14, 2016) (quoting 28 U.S.C. § 2402(b)) (internal quotation marks omitted). Because the FTCA constitutes a limited waiver of the United States' sovereign immunity, the United States' consent to suit is strictly circumscribed by the FTCA's terms. *See Gould v. Dep't Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (collecting cases). Thus, the FTCA, and not state law, "determines when a claim accrues." *Id.* at 742.

Contrary to Plaintiffs' assertions, this fundamental principle dictates that in this case the

---

[1] Because Plaintiffs and the United States agree as to the operative dates triggering the six-month window to file suit under 28 U.S.C. § 2401(b), the Court construes the DOE denial of claims letter attached to Defendant's pleadings as "integral" to the claims in that their "very existence, and not the mere information [they] contain[] give rise to the legal rights asserted." *Fisher v. Maryland Dep't Pub. Safety & Corr. Servs.*, No. JFM 10-cv-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010) (internal citations and quotation marks omitted). Further, Plaintiffs posit no other facts outside those averred in the Complaint as material to the outcome of this motion, and so the Court will treat it as a motion to dismiss.

2

Maryland's Workers' Compensation provisions, Md. Code Ann. Labor & Employment § 9-902, does not extend the FTCA's limitations period. *See, e.g.*, *United States v. Mendiola*, 401 F.2d 695, 698 (5th Cir. 1968) (holding state workman's compensation tolling provisions inapplicable to § 2401(b)). *See also Vega–Velez v. United States*, 627 F. Supp. 773, 777 (D.P.R. 1986) ("[P]rovisions of state law normally have the effect of tolling statutes of limitation are not given that effect when the claim is under the Federal Tort Claims Act.").

Indeed, the United States Supreme Court in *Wong* made clear that although the FTCA's six month bar is not jurisdictional, the time to file suit can be extended where the Plaintiff meets a substantial burden of showing why their claims should be *equitably tolled*. *Wong*, 135 S. Ct. at 1632–33. Equitable tolling is an "extreme remedy" to be applied only in rare instances where "due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and a gross injustice would result." *Raplee v. United* States, No. PWG 13-1318, 2015 WL 9412520, at *2 (D. Md. Dec. 22, 2015) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted). *See also Cibula v. United States*, No. DKC 15-2806, 2016 WL 1599778, at *2 (D. Md. Apr. 21, 2016). Only if Plaintiffs can show that (1) they have pursued their rights diligently, and that (2) some extraordinary circumstance stood in the way and prevented timely filing will claims be equitably tolled. *Raplee*, 2015 WL 9412520, at *2 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). *See also Wong*, 35 S. Ct. at 1631.

As the United States rightly points out, Plaintiffs fail to aver any facts supporting equitable tolling. Although Plaintiffs note that *Wong* requires the above showing for claims to be equitably tolled, ECF No. 8 at 2, nowhere do they assert diligent pursuit of their rights or raise any extraordinary circumstance which prevented timely filing. *Id.* Accordingly, the United

States' motion to dismiss is hereby GRANTED.


 6/17/2016
Date

Paula Xinis
United States District Judge

4